UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEREK BROWN,

Plaintiff,

v.

NEWREZ, LLC,

Defendant.

Case No. 25-11552
Honorable Shalina D. Kumar
Magistrate Judge Anthony P. Patti

**ORDER OVERRULING PLAINTIFF'S OBJECTION (ECF NO. 17),
ADOPTING REPORT AND RECOMMENDATION (ECF NO. 15),
GRANTING DEFENDANT'S MOTION TO DISMISS (ECF NO. 4), AND
DISMISSING PLAINTIFF'S COMPLAINT**

## I.      Introduction

Plaintiff Derek Brown ("Brown"), proceeding pro se, sued defendant

Newrez LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint") alleging

violations of the Fair Debt Collection Practices Act. ECF No. 1. This case

was referred to the assigned magistrate judge for all pretrial matters under

28 U.S.C. § 636(b)(1). ECF No. 3. Shellpoint moved to dismiss Brown's

complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 4.

The motion was fully briefed, ECF Nos. 12, 13, and the magistrate judge

issued a Report and Recommendation ("R&R"). ECF No. 15. The R&R

recommends that Shellpoint's motion be granted and Brown's complaint be dismissed because Brown has failed to state a claim for which relief may be granted. *Id.* Brown filed a timely objection to the R&R. ECF No. 17.

## II.    Analysis

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).

Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues ... that are at the heart of the parties' dispute."). Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how de novo review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id.* A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection merely reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, 2018 WL

1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017)).

Brown's objection contains one sentence: "I would like a better answer." ECF No. 17, PageID.186. Because this objection fails to challenge a specific finding or determination within the R&R, the Court carefully reviewed the R&R for clear error and found none.

### III.    Conclusion

The Court therefore **OVERRULES** Brown's objection (ECF No. 17), **ADOPTS** the R&R (ECF No.15), **GRANTS** Shellpoint's motion to dismiss (ECF No. 4), and **DISMISSES** Brown's complaint (ECF No. 1). To the extent not otherwise disposed of, any scheduled hearings are **CANCELLED**, and all pending motions are **DENIED AS MOOT**. This matter is now closed.

**IT IS SO ORDERED.**

s/ Shalina D. Kumar
SHALINA D. KUMAR

Dated: February 6, 2026          United States District Judge